NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

FEB 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARTHA ANITA TRISTAN,

        Plaintiff-Appellant,

  v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security
Administration,

        Defendant-Appellee.

No.   17-16098

D.C. No. 2:15-cv-02168-MHB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Michelle H. Burns, Magistrate Judge, Presiding

Submitted February 11, 2019[**]

Before:    GOODWIN, FARRIS, and LEAVY, Circuit Judges.

Martha Anita Tristan appeals the district court's judgment affirming the

Commissioner of Social Security's decision denying Tristan's application for

disability insurance benefits under Title II of the Social Security Act.  We review

de novo, *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017), and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The ALJ provided clear and convincing reasons to discredit Tristan's testimony as to extreme limitations resulting from pain: inconsistency between the alleged limitations and Tristan's activities, and lack of support from relatively mild clinical findings. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (explaining that inconsistency between activities and testimony is a clear and convincing reason to discredit testimony); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

The ALJ properly gave germane reasons to reject Ms. Finney's opinions. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (explaining that the ALJ is required to provide germane reasons to reject opinions from non-acceptable medical sources). First, Ms. Finney's opinions were in a checklist format and unsupported by clinical findings. *See id.* (concluding that lack of support by clinical findings is a germane reason to reject a checkbox opinion). Second, Ms. Finney's opinions were inconsistent with her own treatment notes showing improvement with treatment, as well as with psychiatric clinical findings of other treating sources. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (inconsistency with medical evidence is a germane reason to reject lay witness testimony).

17-16098

The ALJ provided specific and legitimate reasons to reject Dr. Posner's opinion: inconsistency with Tristan's activities and lack of support by clinical findings. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (explaining that a conflict with daily activities is a specific and legitimate reason to reject a treating physician's opinion); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (concluding that the ALJ properly rejected a checklist format treating physician opinion that was unsupported by clinical findings). The ALJ properly rejected Dr. Posner's opinion that Tristan was unable to work as an opinion on an issue reserved to the Commissioner. *See Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (explaining that the ALJ is not bound by conclusory statements as to the ultimate issue of disability). Contrary to Tristan's contention, the ALJ appears to have reasonably considered the factors listed in 20 C.F.R. § 404.1527(c).

The ALJ properly weighed the remaining medical evidence, including Dr. Schenk's opinion, and the ALJ's conclusions are supported by substantial evidence. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (explaining that where medical evidence is in dispute, "the ALJ is the final arbiter with respect to resolving ambiguities.").

Tristan's request for oral argument (Docket Entry No. 8) is DENIED.

**AFFIRMED.**

17-16098